UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHEILA MCMATH,                        )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    No. 4:20-cv-00305-AGF
                                      )
UNITED STATES IMMIGRATION, et al.,    )
                                      )
        Defendants.                   )

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Sheila McMath for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, plaintiff's complaint will be dismissed as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who brings this action against defendants "United States Immigration" and "United States Police Department." The complaint is handwritten on a Court-provided form. Plaintiff has filled out the form in its entirety. However, the information she has provided is confusing and consists mainly of seemingly-random statements.

Plaintiff asserts both federal question and diversity of citizenship jurisdiction. In the section of the form complaint to list specific federal statutes or constitutional provisions, plaintiff has

listed: "Bill of Rights," "Human rights," "security home," and the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Docket No. 1 at 3). In the section to list the federal officials or agencies involved in her case, she has stated the following, in its entirety:

> United States Homeland Security
> Fail recognize United States need security → terrorism
> Cyber attacks   Airplanes/cars
> February 21-24, 2020 United States flying over my house 3:00 a.m. – 5.00 a.m.
> Receive electricity shocks bedroom 7:30 a.m. – 9:00 a.m.
> Police Dept. have fail investigate complaints

In the section to provide the amount in controversy, plaintiff provides, in its entirety:

> 1995-2020
> 25 years damage against human rights
> Employment
> Proper house
> Education denied grant
> Medical surgery denied given false reports
> United States Transportation Department Airplanes/Cars Transportation
> The amount is not issue controversy

(Docket No. 1 at 4). Similarly, in the "Statement of Claim" section, plaintiff asserts, in its entirety:

> 2013 – 2020   Employment
> Library Math Tutor
> U.S. Bank computer
> City Hall court clerk
>
> 2014 – 2020   Proper house
> Landlord will not repair sink, kitchen floors
> He is manipulate not repair damages
>
> 2014 – 2020   Education
> Child Development one class complete receive A.A. Degree
> Additional classes for Accounting
> Forest Park Community College denied grant
>
> 2017 – 2020   Barnes Jewish Hospital
> November 2019      St. Marys Hospital
> December 2019      remove microchips from body given false reports

(Docket No. 1 at 5). In the section for relief, plaintiff states that she wants to investigate why Forest Park Community College denied her education. Further, she wants to know why Barnes Jewish Hospital and St. Mary's Hospital have given "false reports" regarding "microchips."

Plaintiff is seeking $15,000,000 in damages.

## Plaintiff's Filing History

Plaintiff has filed five previous cases that have been dismissed on preservice review in the United States District Court for the Eastern District of Missouri: *McMath v. Woodford et al.*, No. 4:15-cv-552-ERW (E.D. Mo. April 8, 2015) (lack of subject matter jurisdiction); *McMath v. Campbell, et al.*, No. 4:15-cv-853-AGF (E.D. Mo. June 9, 2015) (lack of subject matter jurisdiction); *McMath v. United States Immigration Department, et al.*, No. 4:15-cv-1860-JAR (E.D. Mo. Dec. 18, 2015) (frivolity); *McMath v. United States Immigration Department, et al.*, No. 4:17-cv-150-JAR (E.D. Mo. Feb. 13, 2017) (frivolity); and *McMath v. Christian Jehovah's Witnesses, et al.*, No. 4:17-cv-2288-JAR (E.D. Mo. Sept. 8, 2017) (frivolity). As noted above, three of plaintiff's five cases have been dismissed on the basis that they contained claims that were delusional and based entirely in fantasy. The three cases dismissed for frivolity also included either "United States Immigration Department" or "United States Immigration" as a defendant, as in the instant case.

## Discussion

Plaintiff is a pro se litigant who has filed a civil action against defendants "United States Immigration" and "United States Police Department." For the reasons discussed below, this action will be dismissed without prejudice on the basis of frivolity and for failure to state a claim.

4

### A. Frivolity

Pursuant to 28 U.S.C. § 1915, a court may dismiss a complaint as frivolous if it lacks an arguable basis in law or fact. *See* 28 U.S.C. § 1915(e)(2)(B)(i); and *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992). When dealing with factual frivolity, courts are given "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Such a dismissal encompasses allegations that are fanciful, fantastic, and delusional. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id*.

As shown above, plaintiff's complaint contains very few factual allegations. The best the Court can tell, plaintiff is complaining about the "United States flying over [her] house," receiving electric shocks in her bedroom, and receiving "false reports" regarding the "microchips" in her body. These claims are irrational, wholly incredible, and have no basis in law or fact. Therefore, this action must be dismissed as frivolous. *See Sikora v. Houston*, 162 F.3d 1165, 1998 WL 390444, at *1 (8th Cir. 1998) (unpublished opinion) (affirming district court dismissal of complaint as "delusional and therefore frivolous" where plaintiff alleged the "use of electro staticmagnetic pressure field devices that surround his body in pressure fields of varying degrees and frequencies" and that "caused him to suffer various physical problems").

### B. Failure to State a Claim

Aside from being frivolous, plaintiff's complaint also fails to state a claim. As noted above, to avoid dismissal, plaintiff must state "a plausible claim for relief." *Ashcroft*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Plaintiff has not done this. The complaint contains no factual content creating a reasonable inference that defendants are liable for misconduct. Indeed, plaintiff has not presented any factual allegations against "United States Immigration" or "United States Police Department" whatsoever. Despite being named as defendants in the case caption, neither are mentioned in the body of the complaint. Therefore, plaintiff's complaint must be dismissed for failure to state a claim.

**C. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed on the basis of frivolity and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of March, 2020.

                                              /s/ Audrey G. Fleissig
                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE